JULIO AGUILERA, Plaintiff and Appellee, *v.* RAMÓN PÉREZ LUGO ET AL., Defendants and Appellants.

No. 7193. Argued January 13, 1936.—Decided January 27, 1936.

*Tomás Paz* for appellants. *Enrique Báez García* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In this case, the judgment roll, certified by the attorneys of both parties, and the transcript of the evidence certified by the stenographer and approved by the trial judge, were filed on November 20, 1935, in the office of the Secretary of this Supreme Court. The brief of the appellants was filed on December 16th last.

On December 11, 1935, the appellee moved to dismiss the appeal on the grounds that the record had been sent up to the Supreme Court by the appellants personally and not by the clerk of the trial court, as required by law, and that the judgment roll did not bear the seal of said trial court as provided by law.

The motion was set for hearing on January 13, 1936, but neither party appeared. Two days before that a motion of the appellants had been filed opposing the dismissal. They alleged therein, in short, that the facts occurred as follows:

The case was prosecuted before the District Court of Ponce. The attorney for the appellee resides in Mayagüez and that for the appellants in Yauco. After the judgment roll was prepared by a clerk in the office of the clerk of the trial court, appellant Antonmattei in person went for it and took it to Yauco to his attorney who signed it. Immediately thereafter he went to Mayagüez and delivered it to the attorney for the appellee who read it and signed it also. Thus certified, he showed it to his attorney, who asked him to take it to the clerk of the district court, and he did so at once. The clerk received it and addressed a letter to the Secretary of the Supreme Court transmitting the complete record for the appeal in a closed envelope, which he delivered to said appellant so that the latter should affix the necessary postage on it and deposit it in the mail, which he did.

The appellants maintain that because of the foregoing facts the law was substantially complied with, since it was really the clerk who sent up the record of the appeal to the

Supreme Court, and the appellant Antonmattei acted as its messenger for the purpose of purchasing the stamps, putting them on the envelope, and depositing it in the mail box; and they further maintain that the certification of the judgment roll did not require the seal of the court because the certificate was issued by the attorneys for the parties and not by the clerk of the court.

Let us examine the first question, that is, the transmission to this court of the record of appeal. The act says:

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, except in the case of approval of a transcript of the evidence pursuant to law. In this case the record of an appeal shall be constituted by the said original transcript and certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided. It shall be the duty of the appellant to deliver to the secretary the said certificate authorized by the attorneys for the parties or to solicit the same from the said secretary which officer shall transmit to the Supreme Court, without any delay, the complete record on appeal." Laws of 1919, p. 676–678.

The law is clear. It is the duty of the clerk of the district court to transmit the transcript of record to the Supreme Court. The motion of the appellee is not verified. That of the appellant is sworn. And if the facts occurred as stated therein, one must conclude that it was the clerk who finally acted. The intrinsic truth of the contents of the certification has not been challenged. It is not contended that the judgment roll incorporated in the record and certified by the attorneys is not the same one that the attorney for the party who requests the dismissal certified under his own signature.

In support of the requirement of a seal, the appellee cites section 20 of the Code of Civil Procedure which, in its pertinent part, reads as follows:

"The seal of the court need not be affixed to any proceedings therein or document, except:

"1.— 	* 	* 	* 	* 	* 	* 	*

"2.— 	* 	* 	* 	* 	* 	* 	*

"3.—To the authentication of a copy of a record, or other proceeding of a court or of any officer thereof, or of a copy of a document on file in the office of the secretary."

He does not cite any precedent or decision supporting his contention. One might argue that since we are dealing with copies of documents filed in the office of the clerk, those contained in the transcript and certified by the lawyers fall within the letter of the law. However, it seems that the mind of the lawmaker was focused on certificates issued by the clerk himself, and as we are dealing with a purely formal requisite the importance of which has gradually diminished (56 C. J. 890; *Allen* v. *Montgomery*, 105 S. E. 33, 35), we do not feel justified in holding that because the certificate issued by the attorneys does not bear the seal of the court, it is a mere nullity, as claimed by the appellee. It makes no difference that the certificate was delivered to the clerk for transmission to the appellate court, as the law does not require, either expressly or impliedly, that the seal of the court be stamped on the certificates, issued by other persons and delivered to the clerk of the court.

The motion to dismiss must be denied.